STATE OF NORTH CAROLINA v. WILLIAM CANNADY

No. 717SC682

(Filed 15 December 1971)

**Criminal Law § 75— in-custody statements — written waiver of counsel — findings on indigency**

    The trial court erred in the admission of incriminating statements made by defendant without counsel on 5 December 1970, where defendant did not sign a written waiver of counsel and the trial court made no finding as to whether defendant was an indigent on that date. G.S. 7A-457.

APPEAL by defendant from *Cooper, Judge,* May 1971 Criminal Session of Superior Court held in WILSON County.

Defendant was indicted for murder. When the case was called for trial the solicitor announced that he would not seek a verdict of murder in the first degree but would seek a verdict of murder in the second degree or manslaughter. The jury returned a verdict of guilty of murder in the second degree. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Richard N. League for the State.*

*Farris and Thomas by Robert A. Farris for defendant appellant.*

VAUGHN, Judge.

Although this case was tried before the decision in *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561, which interpreted portions of Article 36 of Chapter 7A of the General Statutes, its disposition is controlled by that case.

As a result of information received at the scene of the crime an extensive search was instituted for the defendant by the law enforcement officers. While the search by the officers of the police and sheriff departments was in progress, the defendant came to the sheriff's office and surrendered. Before officers would talk to defendant, they fully advised him of his rights under *Miranda* and defendant stated that he understood his rights. Had the defendant then voluntarily proceeded to give a *narrative statement,* under *Lynch* such a statement could have been properly admitted into evidence. Instead the record discloses that the only information given was during an interrogation by

one of the officers. Defendant was asked if he shot Joe Nathan Moore. His response was "yes." Defendant was asked what weapon he used. His response was "a sawed-off shotgun." At that point defendant refused to answer additional questions and the interrogation was terminated. Although the court's conclusions as to the voluntariness of defendant's statement was fully supported by the record, there must be a new trial by reason of admission of defendant's statement as evidence. Upon voir dire no inquiry was made as to whether defendant was indigent on 5 December 1970, the date he made the statement, and there are no findings in this regard. If, on that date, he was indigent within the meaning of the statute, he was entitled to the services of counsel at the interrogation. G.S. 7A-457.

We cannot say that the admission of the statement was harmless error beyond a reasonable doubt as was the case in *State v. Doss,* 279 N.C. 413, 183 S.E. 2d 671. The thrust of defendant's defense at trial was that he did *not* shoot the deceased but that he struck at deceased with the gun and it "just went off." Evidence that the defendant was guilty of the crime of which he was convicted was plenary. For the reasons stated, however, there must be a new trial. If, at the new trial, defendant's statement to the officers is offered, the trial court must follow the procedure set out in *State v. Lynch, supra.*

New trial.

Judges BROCK and BRITT concur.